ORDERED.

Dated: August 12, 2011



Eileen W. Hollowell, Bankruptcy Judge
_____

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | Chapter 7 |
| GARY IRA GOLDSTEIN and ) | |
| JESSICA PAM GOLDSTEIN, ) | Case No. 4:10-bk-03160-EWH |
| Debtors. ) | |
| _____ ) | |
| EDMUND KRASINSKI and ) | |
| LAURIE KRASINSKI, husband and wife,) | Adversary No. 4:10-ap-00735-EWH |
| Plaintiffs, ) | |
| v. ) | **MEMORANDUM DECISION RE:** |
| GARY IRA GOLDSTEIN and ) | **FORM OF NON-DISCHARGEABLE** |
| JESSICA PAM GOLDSTEIN, ) | **JUDGMENT** |
| Defendants. ) | |

## I. INTRODUCTION

After conducting four days of evidentiary hearings on the Plaintiffs' 11 U.S.C. § 523(a)(2), (4), and (6) non-dischargeability complaint, the Court issued its findings of fact and conclusions of law on the record on June 10, 2011 (the "Ruling"). The Ruling found in favor of the Plaintiffs on a portion of their 11 U.S.C. § 523(a)(6) claim, but found in Debtors' favor on the remaining § 523(a)(2) and (a)(4) claims. In particular, the Court found that the Debtors had converted the Plaintiffs' property by wrongfully retaining a

portion (approximately $7,000) of a corporate tax refund, which should have been divided equally between Dr. Krasinski and Dr. Goldstein, who were the sole shareholders of a closely held corporation ("Corporation").  The Ruling also held that the Debtors had improperly used some of the Corporation's funds (approximately $2,500) for personal expenses.  At the end of the Ruling, the Court directed Plaintiffs' counsel to upload a form of judgment including costs.

After the Ruling was issued, the Debtors filed a Motion for Reconsideration asserting that, because they had made an Ariz. R. Civ. P. 68 offer of judgment in prepetition state court litigation between the parties, the Plaintiffs were not entitled to costs.  Instead, the Debtors argued they should be awarded their costs.  Thereafter, the Plaintiffs lodged a form of judgment which did not include any costs, but provided for prejudgment interest at the Arizona statutory rate of 10% from the date when the tax refund was received by the debtors and from the date the personal expenses were charged to the Corporation.  The Debtors filed an objection and argued Plaintiffs are not entitled to any prepetition interest and, alternatively, that any award of prepetition interest should be at the federal rate, not the Arizona statutory rate of 10%.  Plaintiffs timely responded to the Debtors' objections.  The matter is now ready for decision.

## II. **DISCUSSION**

### A. Attorney's Fees and Costs

The Bankruptcy Code does not provide for an award of attorneys' fees to a creditor who prevails on a § 523 claim.  The Plaintiffs did not prevail on a contract claim, but on their federal law claim that the debt should not be dischargeable because the

2

Debtors had converted property belonging to the Plaintiffs. Because the claim is based on federal law and is effectively a determination that Debtors committed a tort, the Plaintiffs are not entitled to an award of attorneys' fees under Arizona law, which awards fees to the prevailing party in a contract dispute. ARIZ. REV. STAT. § 12-341.01.

However, the Plaintiffs, as the prevailing party, are entitled to an award of costs under Fed. R. Bankr. P. 7054. The Debtors objection to an award of costs is without merit. No offer of judgment under Fed. R. Bankr. P. 7068 was made in this adversary proceeding. While an offer was made in prepetition state court litigation, that litigation was not removed to this Court. Even if the Ariz. R. Civ. P. 68 offer was effective in this adversary, it would not bar Plaintiffs' right to recover their costs. The Ruling was not a determination of the total amount of Plaintiffs' claims against the Defendants. It was a determination only of the amounts Defendants could not discharge.

B.  Prejudgment interest

For the same reasons that the Plaintiffs are not entitled to attorneys fees, the Plaintiffs are not entitled to prejudgment interest at the rate provided by Arizona law. The case cited by the Plaintiffs for the proposition that this Court should apply state law, Saudi Am. Bank v. Shaw Group, Inc. (In re Stone & Webster, Inc.), 558 F.3d 234 (3d Cir. 2009), is distinguishable because the claims in that case arose out of a breach of contract claim. This trial implicated only the Plaintiffs' § 523 claims, which, as discussed supra, are federal law claims. Accordingly, the Court will award prejudgment interest as provided by 28 U.S.C. § 1961.

3

C. Post-judgment interest

The amount of post-judgment interest is determined by the weekly average Treasury yields as published by the Federal Reserve, 28 U.S.C. § 1961, and was 0.19% at the time the court announced its ruling. As the Plaintiffs conceded, it is within the discretion of the Court to determine the amount of post-judgment interest. The Court exercises that discretion in favor of the Debtors' fresh start and awards post-judgment interest based on the formula set forth in 28 U.S.C. § 1961.

III. **CONCLUSION**

For the foregoing reasons, the Court will award pre-judgment and post-judgment interest at the federal judgment rate of 0.16%. Counsel for the Plaintiffs is directed to upload a form of judgment within 14 days which is calculated in accordance with this Memorandum Decision and includes Plaintiffs' costs.[1]

Dated and signed above.

Notice to be sent through the
Bankruptcy Noticing Center "BNC"
to the following:

Gary Ira Goldstein
Jessica Pam Goldstein
6414 N. Miramist Way
Tucson, AZ 85750

---

[1] Plaintiffs must separately file a statement of costs pursuant to Local Rule 7054-1(a).

4

| | |
|---|---|
| 1 | Edmund Krasinski |
| 2 | Laurie Krasinski<br>c/o Munger Chadwick, PLC |
| 3 | 333 N. Wilmot, Suite 300<br>Tucson, AZ 85711 |
| 4 | |
| 5 | Mark Edward Chadwick<br>Munger Chadwick, PLC |
| 6 | 333 N. Wilmot, Suite 300<br>Tucson, AZ 85711 |
| 7 | |
| 8 | Michael J. Meehan<br>Law Office of Michael Meehan |
| 9 | 3938 E. Grant Road, No. 423<br>Tucson, AZ 85712 |
| 10 | |
| 11 | Neal Eckel<br>Patric E. Durazzo |
| 12 | Durazzo & Eckel, P.C.<br>45 N. Tucson Blvd. |
| 13 | Tucson, AZ 85716 |
| 14 | Albert Blankenship, Jr.<br>2912 N. Tucson Blvd. |
| 15 | Tucson, AZ 85716 |
| 16 | |
| 17 | Stanley J. Kartchner<br>7090 N. Oracle Rd., #178-204<br>Tucson, AZ 85704 |
| 18 | |
| 19 | Office of the U.S. Trustee<br>230 North First Ave., Suite 204 |
| 20 | Phoenix, AZ 85003 |

5

Case 4:10-ap-00735-EWH    Doc 112    Filed 08/12/11    Entered 08/15/11 10:00:10    Desc
Main Document - Memorandum/Opinion    Page 5 of 5